UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Aureliano R.-D.,

        Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi
Noem, *Secretary, U.S. Department of
Homeland Security*; U.S. Department of
Homeland Security; Todd M. Lyons,
*Acting Director of Immigration and
Customs Enforcement*; David Easterwood,
*Acting Director, Saint Paul Field Office
Immigration and Customs Enforcement*, and
Ryan Shea, *Sheriff of Freeborn County*,

        Respondents.

File No. 26-cv-1904 (ECT/EMB)

**OPINION AND ORDER**

---

M. Boulette, Minneapolis, MN, for Petitioner Aureliano R.-D.

Jesus Cruz Rodriguez, DOJ-USAO, Lawton, OK; and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

David John Walker, Freeborn County Attorney's Office, Albert Lea, MN, for Respondent Ryan Shea.

---

Petitioner Aureliano R.-D. is a citizen of Mexico who has lived in the United States since "on or about 1994." Pet. [ECF No. 1] ¶ 14. Aureliano "does not have a final order of removal." *Id.* ¶ 15. On March 12, 2026, Aureliano was arrested by "plainclothes officers who claimed to be [Immigration and Customs Enforcement]" in Cottage Grove, Minnesota. *See id.* ¶ 17. The Petition alleges, "[u]pon information and belief," that "ICE did not serve [Aureliano] with a warrant at the time of his arrest." *Id.* At the time of the Petition's

filing, Aureliano was believed to be detained in the Freeborn County Adult Detention Center in Minnesota. *See id.* ¶¶ 6, 13, 18. Respondents[1] do not dispute the Petition's factual allegations. *See* ECF No. 6.

Aureliano challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 3. He claims he has been wrongly classified as an 8 U.S.C. § 1225(b)(2) detainee (whose detention is mandatory) rather than an 8 U.S.C. § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 31–34; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Aureliano, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. *See* Pet. ¶¶ 35–51. Aureliano seeks issuance of a writ of habeas corpus directing his release unless he is provided a bond hearing under 8 U.S.C. § 1226(a); if his release is ordered, that he be released in Minnesota without conditions of release, except for those to ensure his safety and the return of his personal effects; issuance of an order enjoining his transfer outside this District during the pendency of his Petition; that this Court retain jurisdiction over the matter to decide any future motion for attorneys' fees and costs; and "any other and further relief that this Court may deem just and proper." *See id.* at 17–18.

---

[1]   When used in this Order, "Respondents" refers to the federal officials named as Respondents. Respondent Ryan Shea, the Freeborn County Sheriff, did not file an answer to the Petition. *See* Dkt.

Recognizing that "[t]his petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided," Respondents argue that Aureliano is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), relying on their position in the appeal of *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025).  *See* ECF No. 6 at 1–2.  This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Aureliano has shown he has been misclassified under § 1225(b)(2) rather than § 1226(a).  As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country."  8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-

---

[2]    To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Aureliano's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)."  *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of this writing, two federal courts of appeals have ruled on the question, one reaching and one rejecting this conclusion.  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (concluding that respondent was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (finding petitioner was subject to mandatory detention under § 1225(b)(2)).  Aureliano has lived in the United States for approximately 31 years, Pet. ¶ 14, and I find his detention falls under § 1226(a) and not § 1225(b)(2).[3]

The final issue is the appropriate remedy.  Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained."  8 U.S.C. § 1226(a) (emphasis added).  "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)."  *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025), *appeal filed* (Nov. 6, 2025).  "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)."  *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless

---

[3]     Respondents do not argue that Aureliano is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to Aureliano's detention.  *See* ECF No. 5.

an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023).   Aureliano alleges that he was arrested without a warrant.  *See* Pet. ¶ 17. Respondents have not produced any warrant, nor have they advanced any basis for a warrantless arrest.  *See* ECF No. 6.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate."  *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS), slip op. at 6 (D. Minn. Dec. 19, 2025) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).   "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings."   *Id.*; *see Chogllo Chafla*, 804 F. Supp. 3d at 264 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[4]

---

[4]     The resolution of this statutory-interpretation question in Aureliano's favor makes it unnecessary to address the Petition's remaining grounds.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Aureliano R.-D.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1.      Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2.      Respondents shall release Petitioner from custody as follows:

      a.      If Petitioner remains detained in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

      b.      If Petitioner has been moved outside of Minnesota, as soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioner to Minnesota and then release Petitioner from custody.

### LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 20, 2026, at 1:05 p.m.      s/ Eric C. Tostrud
                                          Eric C. Tostrud
                                          United States District Court